IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RAMON HOSEA MCGRAW,                                                                          PETITIONER
ADC #142102

v.                                              5:10-cv-00143-JMM-JJV

RAY HOBBS, Director, Arkansas
Department of Correction,                                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any

>documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

The Court has received a second application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from Ramon Hosea McGraw, an inmate in the Maximum Security Unit of the Arkansas Department of Correction (ADC).

**I.    BACKGROUND**

On January 22, 2010, McGraw filed an application for writ of habeas corpus under 28 U.S.C. § 2254 in this Court, case number 5:10cv18. (*McGraw v. ADC*, No. 5:10cv18, Doc. No. 2). The undersigned recommended dismissal because McGraw's petition was barred by the one-year statute of limitations for federal habeas petitions, as set forth in 28 U.S.C. § 2244(d). (*Id*. at Doc. No. 3). The petition was thereafter dismissed with prejudice on February 2, 2010. (*Id*. at Doc. Nos. 6,7). McGraw filed a motion for certificate of appealability on April 28, 2010 (*Id*. at Doc. No. 9), which was denied on May 3, 2010. (*Id*. at Doc. No. 10). He then filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit on May 4, 2010 (*Id*. at Doc. No. 11), which was dismissed for lack of jurisdiction on May 25, 2010. (*Id*. at Doc. No. 14).

On May 7, 2010, McGraw filed this, his second petition. (Doc. No. 2). He sets forth the following claims for relief:

      1.      The circuit judge did not appoint him a new public defender or allow him to represent himself in sentencing, forcing him to plead guilty and have counsel;[1]

      2.      He was falsely arrested and therefore falsely imprisoned;

      3.      He was sexually assaulted in his sleep while in solitary confinement in Wrightsville and was later "shipped to Tucker max to be victim of the sexual assault in my sleep same way;" and

      4.      The prison officials continually wrote him up to keep him from having a better class status and violated his Eighth Amendment rights. (Doc. No. 2)

## II.   ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

McGraw's first habeas petition was dismissed with prejudice as untimely. *See McGraw v. ADC*, No. 5:10cv18, Doc No.3. Dismissal of a habeas petition on statute of limitations grounds constitutes an adjudication on the merits, rendering subsequent petitions "second or successive" and thus subject to the provisions of § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders the subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)"); *See also Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*,

---

[1]This argument is very similar to the first argument in McGraw's habeas petition in case number 5:10cv-18. McGraw alleged that "[w]hile in Berry Sims Court I ask for a new public defender of [sic]Represent myself . . . He told me to be quiet and let my attorney do the talking and I was force 5 years that day after about 5 not guilty pleas." (*McGraw v. ADC*, No. 5:10cv18, Doc. No. 2, p.5).

337 F.3d 764, 766 (7th Cir. 2003).[2]  Specifically, 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because this Petition is second or successive and McGraw did not obtain authorization from the court of appeals before filing, this Court is without jurisdiction and the Petition should be dismissed. *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997)(where petitioner's action under 42 U.S.C. § 1983 was construed as the equivalent of a successive habeas action, the district court correctly found that it did not have jurisdiction because the leave required by 28 U.S.C. § 2244(b)(3)(A) had not been requested or obtained).

In the instant Petition, McGraw addresses the earlier dismissal[3] by arguing he did not know about the statute of limitations requirement in § 2244(d), because he did not have access to legal materials.  (Doc. No.2, p.13).  "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul."  *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003).

Although McGraw does not raise it, even if the Court considers an equitable tolling argument, McGraw is still not entitled to the relief he seeks.  Equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction."

---

[2]In *Bates v. Norris*, 2006 WL 3741925 (E.D. Ark. Dec. 18, 2006), United States District Judge William R. Wilson, Jr., did not dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and transferred to the United States Court of Appeals for the Eighth Circuit.  The facts of this case are not similar to those in *Bates* where the petitioner alleged he did not have copies of his original filings.  Therefore, the instant Petition is considered second or successive.

[3] *McGraw v. ADC*, No. 5:10cv18.

*Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  Equitable tolling should not be based on commonplace and non-external excuses like inadequate legal assistance or prisoner ignorance.  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001).  McGraw has not met the elements to establish equitable tolling and therefore is not entitled to equitable tolling.  *See Baker*, 321 F.3d at 771-72 (finding that an incarcerated inmate's limited law library access and alleged lack of notice of the statute of limitations is inadequate to warrant equitable tolling).

Additionally, McGraw's third and fourth arguments are not cognizable in a habeas action because they challenge the conditions of his confinement and should instead be presented in a 42 U.S.C. § 1983 petition.  The Clerk of the Court is directed to send McGraw a § 1983 complaint form packet in the event he wishes to bring a §1983 action.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.   This Petition be DISMISSED without prejudice.

2.   The Clerk of the Court be directed to send a § 1983 complaint form packet to Mr. McGraw, in the event he wishes to bring a §1983 action.

3.   All other pending motions be denied as moot.

DATED this 3rd day of June, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE